F. A. BEELER v. FIRST NATL. BANK, LARNED, KANSAS.

[FILED MARCH 30, 1892.]

1. **Negotiable Instruments:** ACTION: JOINT PARTIES. In an action upon a note signed by three persons all should be joined as defendants, although, if service cannot be had upon all, the action may proceed against those served. A failure to join all is ground of demurrer for defect of parties defendant, and the defect must be insisted upon or it will be waived.

2. ———: ———: SURETY: EXTENSION OF TIME. In an action upon a promissory note, the defendant answered that he was a mere surety thereon, and that the payee, without his knowledge or consent, had upon sufficient consideration extended the time of payment. The jury found against him on both points. *Held,* That the verdict was not against the weight of evidence.

3. ———: ———: DEFENSES. Certain cattle in Kansas were lost in the severe winter of 1885–86, but the proof failed to show that the payee of the note was at fault, or that the loss was a defense to the action.

ERROR to the district court for Pawnee county. Tried below before BROADY, J.

. J. L. Edwards, and A. H. Babcock, for plaintiff in error, cited: Roose v. Perkins, 9 Neb., 305; 1 Sutherland, Damages, sec. 2; State v. R. Co., 22 Neb., 330; Leach v. Wagon Co., 14 Id., 106; Bowen v. Crow, 16 Id., 556; Dicey, Parties, p. 14, sec. 12; 1 Parsons, Contracts, 11, 13; Barton v. Petit, 7 Cranch [U. S.], 200; Fox v. Abbott, 12 Neb., 330.

J. K. Goudy, contra, cited: Leach v. Wagon Co., 14 Neb., 109; Witte v. Lockwood, 39 O. St., 143; Snowden v. Tyler, 21 Neb., 215; Boldt v. Budwig, 19 Id., 739.

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiff to recover upon the following promissory note:

"$1,955.              LARNED, KAS., August 20, 1885.

"Sixty days after date we promise to pay to the order of the First National Bank of Larned nineteen hundred and fifty-five dollars, at the office of said bank in Larned, Kansas, with interest at the rate of twelve per cent per annum after maturity until paid, waiving benefit of exemption laws, value received.          B. BEELER.

                              " F. A. BEELER.

                              " E. E. BEELER.

"Due October 19, 1885.   No. 4488.   P. O., Challacombe, Ness Co., Kas.   1001."

Three defenses are interposed, viz., that said note was given for a debt of B. Beeler and E. E. Beeler and that

plaintiff in error was a mere surety; that the bank had taken a mortgage upon certain property of said principals; that said property was valuable when the note became due, but that afterwards, without the fault or knowledge of the surety, such property was lost and destroyed. There is also an allegation that the bank extended the time of payment without the knowledge or consent of the plaintiff in error.

On the trial of the cause the jury returned a verdict in favor of the bank ·for $2,426.60. Afterwards the bank remitted from the verdict the sum of $294.14, being certain payments which had not been deducted by the jury. The motion for a new trial was thereupon overruled.

Objection is made that the action in form should have been against all the signers of the note and not against one of them alone. This is true. An action upon a joint obligation under the Code should be brought against all the joint obligors. It is not necessary as at common law, however, to obtain service upon all, but judgment may be rendered against such as can be served. The defect, however, appeared on the face of the petition, and a demurrer for a defect of parties defendant should have been interposed. As the plaintiff failed to do this, the defect is waived.

Second—The testimony tends to show that in March, 1884, the plaintiff in error owned or had an interest in a herd of cattle in the state of Kansas; that he sold the same to B. Beeler and E. E. Beeler, who were relatives of his; that the money to pay for said cattle was procured from the bank in question, and the plaintiff in error signed a note to procure the same. The note sued on is a renewal of that note. The questions, whether the plaintiff in error was surety on the note, and whether there had been an extension of time of payment without the consent of the plaintiff in error, were fairly submitted to the jury, and the verdict is not against the weight of evidence.

Third—There is considerable testimony tending to show that many of the cattle upon which the bank had a mortgage, died in the winter of 1885–1886. There is no claim, however, that the bank was at fault in any manner for such loss, or, indeed, that any one was; nor is there anything to show that the right of the bank to recover against the plaintiff in error was prejudiced thereby. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.