Ball v. Beaumont.

DUFFIE and ALBERT, CC., concur.

JAMES P. BALL v. CHARLES H. BEAUMONT.*

FILED DECEMBER 4, 1901.   No. 12,225.

Commissioner's opinion, Department No. 3.

1. General Denial: SPECIAL DEFENSE: EVIDENCE. When a general denial in an answer is qualified by the pleading of special defenses in the nature of confession and avoidance, evidence of other defenses of a like nature is inadmissible, although, in the absence of such pleading, such evidence would have been admissible under the general denial.

2. ————: ————: CONFESSION AND AVOIDANCE: AMENDMENT OF ANSWER. When, in an action in the county court, a general denial in an answer is qualified by the pleading of special defenses in the nature of confession and avoidance, additions to such defenses can not be introduced by amendment of the answer upon appeal to the district court, although, in the absence of such pleading, the same matter might have been given in evidence under the general denial.

ERROR from the district court for Perkins county. Tried below before GRIMES, J. *Reversed.*

*Rehearing allowed. Reversal sustained.

*John H. Bower,* for plaintiff in error.

*B. F. Hastings, Stewart & Munger* and *Gaines, Kelby, Storey & Martin, contra.*

AMES, C.

This action was begun in the county court of Perkins county by the plaintiff in error, Ball, against the defendant in error, Beaumont, and one Penn, to recover for money alleged to have been paid out and expended by the plaintiff to, and for the use of the defendants, the petition resembling a declaration upon the common counts under the former practice. The separate answer of Beaumont, besides a general and specific denial of the allegations of the petition except those "herein admitted to be true," averred in substance, that the claim of the plaintiff arose out of the following circumstances, namely: that the defendants had executed and delivered to the plaintiff their joint promissory note containing some blank spaces, including one for the name of the payee, and had instructed and empowered the plaintiff to fill the blanks and sell the note for the benefit of the defendants; and that the plaintiff did sell the instrument to a certain Iowa bank, guaranteeing the payment thereof in writing indorsed thereon, and also subscribing his name thereto as joint maker, but that because of such facts and of certain other alleged material alterations in said note made without the knowledge or consent of Beaumont, the instrument was avoided as being his contract, and that the money sued for was the sum paid by the plaintiff upon his guaranty to discharge the alleged obligation at its maturity. In his reply the plaintiff admitted that his demand arose in substantially the manner set forth in the answer, except that he alleged that the scope of his agency for the defendants in the transaction included authority to make all the alterations that were made in the note, and that the defendants had received and retained the proceeds of the sale of the instrument with full knowledge of all the facts and circumstances pleaded in the

answer. The defendant Penn made default, and a trial in the county court resulted in a judgment for the plaintiff against both defendants. Upon an appeal by Beaumont to the district court, he was permitted, over the objection and exception of the plaintiff, to amend his answer in such manner as to deny that the note as executed was the joint obligation of the makers except in form, and to allege that in fact Penn was the principal debtor thereon, and Beaumont surety only, and that the latter signed same in that character only, "and that if any money was so paid by plaintiff, it was for the benefit of George W. Penn personally." Upon the issues thus reformed, the case was tried to a jury, who returned a verdict in favor of the defendant Beaumont, and the plaintiff prosecutes a petition in error to this court.

That the amendment introduced a new and important issue in the case, seems to us entirely clear. The action was not upon the note, and as the answer was originally framed the alterations in the note of which complaint was made did not appear to have occasioned either of the defendants any injury. In the county court the only substantial matter in controversy was whether, as a result of the transaction, the defendants had derived a pecuniary advantage at the expense of the plaintiff, for which in equity and good conscience they ought to reimburse him. There was nothing in issue in that court indicating that the defendants did not stand upon a footing of exact equality in this respect. By the amended answer, it was asserted for the first time that the transaction was not for the benefit or to the advantage of Beaumont, who was alleged to be surety only and entitled to stand upon the strict letter of his contract as such; so that, although as respects his principal, the facts were such as to raise an implied promise by the latter to reimburse the plaintiff, that implication did not arise as to himself. To what extent, if any, this fact, without an allegation of knowledge or notice thereof by or to the plaintiff, should have been available as a defense to Beaumont, it is not necessary now to inquire. It is sufficient to say

that it introduced a new, and as the suit resulted, a con-
trolling element into the litigation.  It is unquestionably
clear from the record that the defendant in error is in-
debted to it solely for his victory in the district court.

The amendment was therefore obnoxious to the long
established law of this state that the issues can not be
changed upon an appeal from the county court to the dis-
trict court.  *Bellamy v. Chambers,* 50 Nebr., 146, and cases
cited in the opinion.  The defendant in error seeks to avoid
the force of this rule by the contention that, the petition
being general in its averments, after the manner of a
declaration upon the common counts at the common law,
it was not incumbent upon the defendant to plead the
special matter contained in his answer, and that evidence
of the alleged suretyship might have been given under a
general denial.  Assuming, but not deciding, this proposi-
tion to be correct, it does not advantage the defendant in
this case.  He qualified his general denial by pleading
special matters in the nature of confession and avoidance,
and thus himself tendered specific issues which were met
and raised by the reply.  It does not now lie in his mouth to
say that these issues are, as a matter of pleading, redundant
and unnecessary.  Having, by his pleading in the county
court, notified the plaintiff of the scope and nature of his
defense, the evidence of the parties in that court was, or
should have been, confined to the determination of the
issues joined thereon; otherwise a special plea qualifying
a general denial might easily be made to serve as a trap for
the unwary.  Consistently with the rule reiterated in the
case above cited, it follows that upon an appeal to the dis-
trict court from the county court, additional special de-
fenses in the nature of confession and avoidance can not
be introduced by way of amendment.  By obtaining leave
to make and making the amendment complained of the
defendant in error himself confessed that, in its absence,
the defensive matter alleged by it would not have been ad-
missible in evidence.

It is recommended that the judgment be reversed and the

case remanded to the district court with instructions to strike from the answer the matter introduced by the amendment and award a new trial.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion it is ordered that the judgment be reversed and the case be remanded to the district court with instructions to strike from the answer the matter introduced by the amendment and award a new trial.

REVERSED AND REMANDED.