JAMES P. BALL v. CHARLES H. BEAUMONT ET AL.

FILED OCTOBER 22, 1902. No. 12,225.

Commissioner's opinion, Department No. 1.

1. **Money Paid Out: ACTION: GENERAL DENIAL: AMENDMENT: NEW ISSUE.** Where plaintiff's claim is for money laid out and expended for defendants at their request, and is met in the county court by a general denial and an allegation that the money was paid by plaintiff as guarantor of a note signed by defendants, but which subsequently had been altered in various material respects without defendants' assent, and that its payment was never requested by the answering defendant, a subsequent amendment in the district court by which the answering defendant stated that he was a surety only, and that the money was paid out for the other defendant's benefit and at his request, introduces no new issue.

2. **Instruction: ALTERATION OF INSTRUMENT.** An instruction that a material alteration of the note, if shown, would be available to the defendant only in case the jury found that he was surety, and that the plaintiff, when making the alteration, knew that fact, *held* erroneous, but binding upon the jury.

3. **———: CONFLICTING EVIDENCE: NOTICE: SURETYSHIP RELATION.** A verdict under such an instruction, rendered on conflicting evidence as to the question of ratification by defendants as a partnership, can not be upheld when there was no evidence of notice to plaintiff of any suretyship relation on the part of the answering defendant in the transaction, since the verdict is contrary to the trial court's instruction.

ERROR from the district court for Perkins county. Tried below before GRIMES, J. Rehearing of case reported in 63 Nebr., 215. *Reversal adhered to.*

*John H. Bower*, for plaintiff in error.

*B. F. Hastings, F. H. Gaines, Stewart & Munger* and *Gaines, Kelby, Storey & Martin*, contra.

DAY, C.

No objections on this rehearing are made to the statement of the pleadings in the former opinion filed in this court December 4, 1901. 63 Nebr., 215. The only addi-

tion to that statement which is suggested is that plaintiff's reply alleged the partnership of defendants, and receipt on their part of the money, and ratification, as partners, · of its procurement. On the rehearing objection is made to the conclusion that the allegations inserted by amendment to the answer of Beaumont in the district court, stating that the money was procured and paid for by Penn, and that Beaumont's relation to the discharged note was merely that of surety, were new matters, not covered by the answer as presented in the county court. In the county court as in the district court there was a general denial. It is earnestly contended that as plaintiff's claim is simply and broadly the payment of money for the use and benefit of defendants, Beaumont, under his denial, could show all these facts. This seems to be conceded in the former opinion, but the other matters in the answer were thought to constitute such a confession as to do away with the general denial. We have carefully examined the answer, and are compelled to the conclusion that there is no confession of any allegation of payment of money by plaintiff on Beaumont's behalf. It is true, the latter says he signed a note. He says that he was a surety on it, and that without his consent, it was altered, signed and paid by plaintiff. If this action were on the note, its alteration could be shown under a general denial to avoid defendant's liability on it. Where, as in this case, the action is for money laid out in paying it, there seems to be no reason to restrict the evidence more closely. The fact of suretyship, if shown, would not affect the question of discharge from the note by reason of alterations. The facts that Beaumont made a different note from the one paid, that he was surety on that note, and no party to its consideration, would seem to be facts merely going to negative a payment of money by plaintiff in Beaumont's behalf. The pleading of such evidence would make it neither more nor less admissible. If this view is correct, the permitting of this amendment was error without prejudice.

It must not be lost sight of that the essential allegation of plaintiff's petition is the payment of money for the benefit of both defendants. The question in the case is really whether or not he has done so for both of them. His case, as matters stand, may rest upon either one of two things: If he has paid a note on which Beaumont is legally liable for its full amount and which plaintiff was compelled to pay because of his guaranty, that would make his case. If he has made a payment for Penn and Beaumont as partners, by the request of either of them, acting as a partner, and in such a way as to bind both of them, he can recover. Evidently it is only because of its bearing on the latter question, and on the supposition that the note has been so altered as not to furnish a ground of recovery, that the question of suretyship becomes important. If by his guaranty plaintiff has been compelled to pay a note on which Beaumont was bound, as principal or surety, to pay the whole amount, he can recover of Beaumont the whole amount. If, after the note was altered, as Beaumont claims, plaintiff paid out the money on it at the desire of Penn and Beaumont as partners, and at the request of one of them, either direct or implied, and for their joint benefit, he can recover. It is to be observed, however, that the note does not purport to be a partnership obligation. Its alteration would avoid it, as against Beaumont, whether he is held to be a principal or a surety. The real importance of Beaumont's relations to the paper is simply as bearing on the question of his request, actual or implied, for its payment by plaintiff. No direct request by Beaumont for the payment of the note is claimed. Alterations contrary to the instructions sent with it when it was transmitted to Ball, sufficient to avoid it if not ratified, are admitted. No direct ratification by Beaumont seems to be claimed either by pleading or evidence. Plainly, then, the only chance for plaintiff to recover is by the establishment of a partnership transaction, so that Penn's knowledge and ratification of plaintiff's acts would be a ratification by both

defendants.   The condition of affairs seems to be that plaintiff had no direct knowledge of the relative positions toward this transaction of the two defendants.   Penn says it was a partnership transaction, and Beaumont that it was a personal one of Penn's and an endeavor on the latter's part to raise his share of the firm's capital, in which Beaumont signed the note as surety.   If the note itself is avoided for alterations, and does not furnish a basis of recovery, the burden of proving a partnership transaction and a valid authorization ·or ratification by the partnership of the payment, is on plaintiff.

We entirely concur with the former opinion in finding that the question of suretyship was given quite undue prominence.   The trial court told the jury, in substance, that alterations would relieve Beaumont, if they found he was a surety, and that plaintiff was aware of it; otherwise not.   This instruction was excepted to by plaintiff. There is no evidence in the record tending in any way to show knowledge on plaintiff's part that Beaumont was merely a surety.   The verdict, therefore, is clearly contrary to this instruction.

The fifth error mentioned in the motion for a new trial, as well as in the petition in error, is that the verdict is contrary to the instructions of the court.   As above stated, this verdict is upon conflicting evidence as to the relations in this transaction of the two makers to each other and to the note.   It was the jury's duty to follow the court's instructions, though we think them wrong in making knowledge of defendant's suretyship on plaintiff's part necessary to give effect to alterations.   The alterations would be just as effectual to do away with the note itself against Beaumont as principal as they would as surety. We are of the opinion that under the instructions as they stand, there was no defense to the note.   We are unable to say, as a matter of law, that this verdict for defendant is the only one possible under the evidence, and that therefore the failure to follow instructions was not prejudicial.

The question of whether the note was a partnership obligation, authorized and ratified by the partnership, and for whose payment plaintiff is entitled to be reimbursed by either partner, seems to be presented in the evidence as well as in the pleading. At another trial the evidence may leave open for a jury's decision, also, the question as to material alterations. The evidence of the last one seems, however, to leave no question about that.

It is therefore recommended that the judgment of reversal be adhered to.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of reversal with directions heretofore entered herein is adhered to.

REVERSAL ADHERED TO.