JAMES P. BALL v. CHARLES H. BEAUMONT ET AL.

FILED JANUARY 18, 1905. No. 13,698.

1. **Assumpsit: QUESTION FOR JURY.** Where a material alteration has been made in a promissory note, whereby such note was avoided, and an action is brought against the makers for money paid to defendant's use by one who guaranteed the note, procured money from a bank thereby and sent it to one of the makers, the question whether or not the money was paid to one of the defendants for his sole benefit, or whether it was paid to a partnership composed of both defendants, or the transaction adopted and ratified by the partnership, is a question for the jury.

2. **Review.** Where, upon sufficient evidence, the jury has found that such money was paid to and for the sole benefit of one of the defendants, its verdict will not be disturbed.

ERROR to the district court for Perkins county: JOHN R. THOMPSON, JUDGE. *Affirmed.*

*Beeler & Muldoon* and *Charles McDonald,* for plaintiff in error.

*B. F. Hastings* and *T. C. Munger, contra.*

LETTON, C.

This case has been before this court three times prior to this. See *Ball v. Beaumont,* 59 Neb. 631, 63 Neb. 215, and 66 Neb. 56. The issues have been fully stated in the preceding opinions. At the last hearing the law of the case was clearly laid down by Mr. Commissioner DAY. It was said by him:

"Plainly, then, the only chance for plaintiff to recover is by the establishment of a partnership transaction, so that Penn's knowledge and ratification of plaintiff's acts would be a ratification by both defendants. The condition of affairs seems to be that plaintiff has no direct knowledge of the relative positions toward this transaction of the two defendants. Penn says it was a partnership transaction, and Beaumont that it was a personal one of Penn's and an endeavor on the latter's part to raise his share of the firm's capital, in which Beaumont signed the note as surety. If the note itself is avoided for alterations, and does not furnish a basis of recovery, the burden of proving a partnership transaction and a valid authorization or ratification by the partnership of the payment, is on plaintiff."

The case was reversed, and retried under the law as thus laid down. Under the pleadings, in this state of the case, the plaintiff would only be entitled to recover against Beaumont if he proved that the firm of Penn and

Beaumont received the money from him for the benefit of the firm, or ratified Penn's action. The action is not on the note, but for money paid to defendant's use, and the lengthy arguments in plaintiff in error's brief relating to the rights of the parties under the note are not applicable.

The evidence adduced on the part of the plaintiff was to the effect that the note was sent to him at his place of residence in Iowa by Penn, bearing the signature of George W. Penn and Charles H. Beaumont, and having certain blanks which he was authorized to fill; that it was sent to him on behalf of the partnership; that he filled the blanks, changed the place of payment, guaranteed the note, procured the money from the bank in Iowa thereby, and sent it to Penn, who immediately deposited it in the Madrid bank for the partnership in the partnership account. This evidence standing alone would uphold the plaintiff's claim and justify a verdict in his favor against both Penn and Beaumont. However, the defendant Beaumont introduced evidence to the effect that the note was executed by Penn as principal and by himself as surety; that the transaction was for Penn's personal benefit and not for the firm, and that the purpose of the execution of the note was to allow Penn to borrow money with which to pay his share of the money which was to be invested in the partnership business; that when the money was procured by the plaintiff he sent it in a personal letter to Penn, and that Penn paid his debt to the partnership with it and received credit on his debt to that extent. The case was submitted to the jury under this directly conflicting evidence, and the jury by its verdict found that the version of the transaction given by Beaumont and his witnesses was true. The plaintiff urges that even under this state of facts the partnership received the benefit of the money and hence should be held liable for it. If the money in the first place was sent to Penn by the plaintiff for Penn's individual benefit, it matters not what disposition of the money was made by him, so far as the relation of the plaintiff to the person receiving it is concerned. The fact

that Penn, if the money was his, paid it to the partnership would create no greater liability on the part of the partnership to the plaintiff than any other creditor of Penn's would have been subject to if he had paid the money to him. Upon the receipt of the money by Penn his liability was fixed, and nothing that he might do with the money afterwards would extend that liability to other persons.

The case of *Savage v. Savage,* 36 Ore. 268, 59 Pac. 461, quoted by plaintiff, is not in conflict with this holding. In the Oregon case the evidence disclosed that each of the signers of the void note applied to the plaintiff for a loan of $1,500, and that for such loan they tendered their joint and several promissory note for $3,000, and the loan was consummated on that basis. Since both parties received the money upon their joint promise to pay, the court held that the money was paid to the use of both defendants and that they were jointly liable for the debt. In that case the point in issue in this case was not touched upon or determined at all. The cases would be similar if in the instant case it was admitted that the money was received one-half of it for the benefit of Penn and the other half for the benefit of Beaumont, but this is the very matter in dispute.

As to the question whether or not one signing as surety a note which is subsequently avoided by a material alteration can be held upon the original consideration, this has already been decided in this case adversely to the contention of plaintiff. This is the law of the case and will not be re-examined.

Complaint has been made of a number of instructions given and refused. We have examined the same and find that the issues in the case are clearly stated in the instructions given, and that plaintiff was not prejudiced by the refusal to give those requested by him. The case seems to have been fairly tried, and though we might perhaps draw a different conclusion from the facts proved than the jury did, there is ample evidence to support the verdict. We recommend the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.