[No. 18842. Department Two. December 23, 1924.]

ZENA C. ROOD, *as Executrix etc., Respondent*, v.
RICHARD S. HORTON *et al., Appellants.*[1]

EVIDENCE (115)—JUDICIAL RECORDS AND PROCEEDINGS. A certified
copy of an original bond on appeal, filed in proceedings in the
courts of a sister state, is sufficient evidence of its execution by a
defendant who admitted that he had signed a "similar" bond.

LIMITATION OF ACTIONS (1, 32, 34)—WHAT LAW GOVERNS—AC-
CRUAL—SURETY ON BOND. An action on an appeal bond filed in the
courts of a sister state, whose statute of limitations upon a written
instrument is the same as our own, six years, accrues when the
judgment on appeal was affirmed and the mandate of the supreme
court was filed in the court of first instance, and is not barred
until six years thereafter.

APPEAL (503)—ACTION ON BOND—DEFENSES—JURISDICTION. In an
action upon an appeal bond given in the courts of a sister state, the
jurisdiction of the supreme court of such state cannot be collaterally
attacked.

[1]Reported in 231 Pac. 450.

APPEAL (504)—ACTION ON BOND—DAMAGES FOR DELAY OR DETENTION. In an action upon an appeal bond conditioned to pay the costs and a reasonable rental for the premises during the time the premises were wrongfully withheld, it is not necessary to show that the premises were occupied by the principal defendant, but only that they were withheld from the persons entitled thereto.

PARTIES (16)—DEFENDANTS—NECESSARY PARTIES ON CONTRACT. An action upon an appeal bond given in a sister state, which is a joint and several obligation, may be maintained in this state against the only party residing in this jurisdiction, under Rem. Comp. Stat., § 236.

EVIDENCE (202)—STATUTES (96)—LAWS OF OTHER STATES. Upon an issue as to the statutes and decisions of a sister state, the proof should be addressed to the court, who should interpret the laws for the jury, and it is not error to exclude the depositions of lawyers of such state, giving their opinions and citing the statutes and decisions therefor.

INTEREST (7)—ALLOWANCE—UNLIQUIDATED DEMAND. In an action for the recovery of a "reasonable rental" of premises during the time the same was withheld, the sum is not "liquidated" and interest can be allowed only from the date of the judgment.

COSTS (62)—ON APPEAL—MORE FAVORABLE JUDGMENT. The appellant having secured a substantial reduction in the allowance of interest, is entitled to costs on appeal.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered March 10, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an appeal bond. Modified.

*John I. O'Phelan* and *Fred M. Bond,* for appellants.
*John J. Langenbach,* for respondent.

HOLCOMB, J.—This case had its origin in Omaha, Nebraska, where respondent's testator and herself brought an action against the defendant Horton to recover possession of certain premises in that city, described as Apartment No. 3, Stratford Terrace, on a certain avenue. On April 17, 1916, in the county court of Douglas county, Nebraska, the respondents recovered judgment against Horton for the restitution of

the premises involved. Horton appealed from the judgment of the county court to the district court of Douglas county, Nebraska. For the purposes of the appeal a bond or undertaking in conformity with the statutes of Nebraska was executed by Horton, as principal, together with Frank O'Connor and John O'Rourke, as sureties. The bond or undertaking was dated April 26, 1916, recited the judgment appealed from, and continued as follows:

"Now, Therefore, we, R. S. Horton, as principal, and John O'Rourke and Frank O'Connor, as sureties, are held and firmly bound unto Zena Rood and Edwin S. Rood, and for the payment of this bond we jointly and severally bind ourselves.

"The condition of this bond is such that if judgment is rendered against said defendant on said appeal and said defendant satisfies the final judgment and costs and pays a reasonable rental for said premises during the time he wrongfully holds the same, then this obligation to be null and void, otherwise to be in full force and effect."

At that time all of the parties were residents of Omaha, Nebraska. At the present time the only defendant in the state of Washington is the appellant O'Rourke, who alone was served and defends this action.

After the above described undertaking was given, Horton prosecuted his appeal from the county court to the district court, and the district court, in September, 1916, affirmed the judgment of the county court, with costs to plaintiff. An appeal was then taken by Horton to the supreme court of Nebraska, which resulted in the affirmance of the judgment of the district court on July 12, 1918.

Horton remained in possession of the premises involved until September 4, 1918, when respondents regained possession thereof. During all of the time from

the time the judgment of the county court of Douglas county was entered until September 4, 1918, Horton failed and refused to pay the rentals that had been theretofore paid by him per month. This action is to recover upon the penalty of the bond above referred to, and is not an action upon the judgment, as appellant seems to consider. It is to recover the reasonable rental of the premises from April 17, 1916, until September 4, 1918, which is alleged to be the sum of $45 per month, with seven per cent interest on each installment, and to recover the costs allowed and taxed in the Nebraska appeals.

The above bond was given pursuant to § 8481, Revised Statutes of Nebraska, 1913, pleaded in respondent's reply to the answer of appellant, as follows:

"The party appealing shall within ten days from the rendition of such judgment give an appeal bond with two or more sureties to be approved by the judge or justice conditioned, in case of appeal by the plaintiff, that he will satisfy the final judgment, and costs; and in case of appeal by the defendant, that he will satisfy the final judgment and costs, and will pay a reasonable rent for the premises during the time he shall unlawfully withhold the same."

The first contention of appellant is that there is no proof that he signed the bond in question.

It is admitted in his answer that he signed a "similar" bond. There was introduced in evidence a certified copy of the original bond as filed in the county court for Douglas county, Nebraska. Appellant, who testified in his own behalf, did not dispute the contents of the exemplification of that bond, nor offer any evidence that there was any difference between the bond he actually signed and that one. That bond was properly certified and authenticated by the clerk of the county court, who had the original in his files. We see no merit in this contention.

It is next contended that the action is barred by the statute of limitations.

This action was commenced in the lower court in March, 1923. This is an action upon an instrument in writing. It is stipulated that the limitation of the state of Nebraska upon such written instruments is the same as the limitation in this state, and it may be assumed that the limitation in the state of Nebraska was contemplated when the undertaking was furnished. In any event, the same limitation period exists here. The mandate of the supreme court of Nebraska was filed in the district court of Douglas county, Nebraska, July 12, 1918. That made the judgment of the district court final, which in turn made the judgment of the county court previously entered against the principal defendant in that action final, and appellant claims, made the cause of action against the sureties, including this appellant, accrue as of the date of the judgment of the district court.

Contention is also made by the appellant that there never was any valid appeal from the judgment of the district court to the supreme court of Nebraska, for the reason that the judgment of the district court was rendered on September 28, 1916, and no appeal bond was filed or approved until November 3, 1916, and that the appeal bond filed and approved was not a supersedeas bond, and that therefore the time had elapsed in which an appeal could be taken, the appeal was ineffective, and the period of limitations began with the judgment of the district court for that reason.

That contention has the effect of arguing that the supreme court of the state of Nebraska did not have jurisdiction of the appeal, although appellant's principal appealed the case, the other parties, respondents here, submitted themselves to the jurisdiction of the

supreme court, and that court finally determined the appeal.

We will not concern ourselves with a collateral determination of whether the supreme court of Nebraska had jurisdiction of that appeal. We must presume that it had. We will not go into a careful examination of the statutes of Nebraska as to how judgments there must be appealed and superseded, but content ourselves with the assumption that that court of last resort had jurisdiction. The appeal had the effect of suspending the finality of the judgments of the district court and of the county court.

The statute of limitations of the state of Nebraska, and of this state, therefore, began to run not earlier than July 12, 1918. The cases and authorities cited by appellant as to the limitation of judgments in this state do not apply, for this is not an action upon a judgment. Hence the action is not barred by the statute of limitations.

It is contended that the trial court should have instructed the jury to bring in a verdict for appellant, for the reason that respondent's testimony failed to show what time the principal defendant, Horton, occupied the premises in question.

Neither are we concerned with that question. The undertaking sued on here is to satisfy the judgment and costs of the county court, appealed from to the district court, and pay a reasonable rental for the premises during the time the premises were wrongfully withheld. It was not necessary to show that the premises were occupied by the principal defendant, Horton, but simply to show that they were withheld from the persons entitled to the possession, who, as all the courts found, were respondents. That withholding continued until September 4, 1918, under the record here. There is no merit in this contention.

It is vigorously contended that this action ought not to be maintained against appellant solely, because the statutes of Nebraska provide that judgment shall be rendered against the principal on such a bond, and against the sureties, and that the principal's property shall be first resorted to before the property of the sureties may be resorted to to satisfy the bond; and that it is shown here that a similar action is pending in the state of Nebraska against Horton, O'Connor and appellant.

The pleadings show that appellant was not served and did not appear in the Nebraska action on this bond. It is alleged that the action is still pending or that judgment has not been entered there. The parties have been made parties to the action that are required to be made parties.

The supreme court of Nebraska has decided that;

"In an action upon a note signed by three persons all should be joined as defendants, although, if service cannot be had on all, the action may proceed against those served. A failure to join all is a ground of demurrer for defect of parties defendant, and the defect must be insisted upon or it will be waived. [Syllabus.]

"An action upon a joint obligation under the code should be brought against all of the joint obligors. It is not necessary as at common law, however, to obtain service upon all, but judgment may be rendered against such as can be served." *Beeler v. First National Bank,* 34 Neb. 348.

Our statute, § 236, Rem. Comp. Stat. [P. C. § 8449], seems to provide the same thing. It says:

"When the action is against two or more defendants and the summons is served on one or more but not all of them, the plaintiff may proceed as follows:—

. . . . .

"(2) If the action is against defendants severally liable, he may proceed against the defendants served

in the same manner as if they were the only defendants."

It will be recalled that the undertaking sued upon here is a joint and several obligation. Since only one of the necessary parties resides within the jurisdiction, he is the only one that can be proceeded against here. It may be presumed that the action pending in Nebraska, if service can be obtained on the principal and the other surety, will probably proceed to judgment. In any event, appellant, upon the judgment going against him, and satisfying the obligation, has his action to recover from the principal, and possibly for contribution from his co-surety.

Appellant also contends that the court erred in refusing to allow the depositions of Nebraska lawyers, giving their opinion and citing statutes and decisions upon the law governing this action, to be read to the jury. In our opinion, where proof of foreign laws is necessary to be introduced, such proof should be addressed to the court and not to the jury, and the court should interpret the foreign laws for the jury, and instruct the jury thereon. 10 R. C. L., p. 1112 and 1113, § 319.

The last contention of appellant is that the court erred in instructing the jury to find for respondent in a reasonable sum, and also to provide in the verdict for interest at seven per cent per annum upon such sums as they found to be reasonable. It is shown that the legal interest upon such a recovery in the state of Nebraska would be seven per cent. The jury found that the reasonable rental value per month of the premises referred to in respondent's complaint, from April 17, 1916, to November 3, 1916, was $40 per month, and the reasonable value from November 3, 1916, to July 12, 1918, was $40 per month, they therefore rendering a verdict for the reasonable rental from April 17, 1916,

to July 12, 1918, in the sum of $1,058.77, with seven per cent interest from July 12, 1918. This the court allowed and entered judgment therefor.

Respondents contend that the allowance of interest was proper, since nothing was to be determined but the amount of the rental, and it then became liquidated, and that upon liquidated demands interest is allowable under our decisions cited: *Arnott v. Spokane*, 6 Wash. 442, 33 Pac. 1063; *Mississippi Valley Trust Co. v. Hofius*, 20 Wash. 272, 55 Pac. 54; *Parks v. Elmore*, 59 Wash. 584, 110 Pac. 381; *Happy v. Prickett*, 24 Wash. 290, 64 Pac. 528; *Dixon v. Parker, Moran & Parker*, 102 Wash. 101, 172 Pac. 856.

Some of the foregoing cases were upon items of open account, where it was only necessary to determine the amount of the items, and some were upon installments allowed to become delinquent where it was only necessary to determine whether or not the installments had been defaulted, and if they were recoverable.

Again we call attention to the fact that this action was one for the recovery of *reasonable rental* during the time of the withholding of the premises, which the jury found to be forty dollars per month. It is true that that was the rental that had been previously stipulated and paid by the appellant's principal, but the undertaking was not for the purpose of securing the payment of that sum monthly, for it might have later developed that the reasonable rental was more or less than that sum. Hence, it cannot be said that the stipulated sum which had been paid theretofore by the tenant was the sum which the undertaking secured, nor was it a liquidated sum.

The rule established by us is as stated in *Wright v. Tacoma*, 87 Wash. 334, 151 Pac. 837.

"The general rule is that interest will not be allowed upon an unliquidated demands prior to the time when

such demands are merged in the judgment. This rule, however, like many general rules, has its exceptions. *Modern Irrigation & Land Co. v. Neely,* 81 Wash. 38, 142 Pac. 458.

"Where, however, the demand is for something which requires evidence to establish the quantity or amount of the thing furnished, or the value of the services rendered, interest will not be allowed prior to the judgment."

So here, evidence was required to establish the quantity or amount of the thing furnished, or the value of the services rendered. Hence, interest should not be allowed prior to the merging of the same in judgment. The merger into judgment did not occur until in this suit brought on the undertaking in the lower court. Interest, therefore, should not be allowed until the date of the judgment of the lower court, and should not be allowed at any greater rate than the legal rate of interest on a judgment in this state, or six per cent.

The judgment will therefore be reversed to that extent, and modified so as to allow interest on the principal sum of $1,058.77, at the legal rate of interest in this state, from March 10, 1924, and the costs of the action below.

Appellant having recovered a more favorable judgment in this court will be allowed costs of appeal.

Main, C. J., Fullerton, Mackintosh, and Mitchell, JJ., concur.