[No. 20171. Department One. December 6, 1926.]

C. B. PHIFER, *Respondent*, v. FRANK J. BURTON *et al.*, *Defendants*, H. HALLENBERGER, *Appellant*.[1]

[1] JUDGMENT (45)—DEFAULT—VACATING—AGREEMENT OR PROMISE OF PLAINTIFF. A default judgment should not be opened because of misrepresentations preventing a defense, where it merely appears that, at a conference, defendant was informed to get the other defendants together when plaintiff would see what could be done about it, and that defendant failed to do so or to do anything for two years.

[2] JUDGMENT (185)—CONCLUSIVENESS—DEFAULT JUDGMENT. A default judgment based on findings reciting that evidence was taken, cannot be attacked on the ground that evidence must be taken.

[3] INTEREST (7)—ALLOWANCE—DEMANDS NOT LIQUIDATED. In an action for unliquidated damages to a houseboat, interest is recoverable only from the date of the judgment.

Appeal from a judgment of the superior court for King county, French, J., entered April 21, 1926, in favor of the plaintiff, in an action for damages, tried to the court. Modified.

*Edgar S. Hadley,* for appellant.

*H. E. Foster,* for respondent.

[1]Reported in 251 Pac. 127.

HOLCOMB, J.—In an action for damages against appellant and five others for the alleged negligent sinking of a house-boat on Lake Union, personal service was made on appellant on July 23, 1923. Some of the other defendants were served, and all defaulted.

On February 4, 1925, respondent procured an order of default, and caused the same to be entered in the lower court. On the same day, findings of fact were signed and entered, which, among other things, recited

· " . . . that the cause was presented to the court upon the pleadings, the exhibit, and the evidence, and the court in all respects being fully advised in the premises," etc.

On February 4, 1925, conclusions of law in favor of respondent were signed by the lower court, and on March 1, 1925, the findings, conclusions and judgment were filed in the lower court. On March 1, 1926, an execution was returned by the sheriff of King county, *nulla bona,* and on that day proceedings supplementary to execution were instituted in the lower court, and a notice served on appellant.

On March 22, 1926, appellant filed his petition to set aside the default that had been entered in March, 1925; alleged and set forth in affidavits that he had a meritorious defense to the action, and prayed that he be allowed to defend the cause. Upon a hearing upon his petition, the trial judge denied the same upon the ground that the petition had not been sustained by the evidence. At the trial, it was admitted by counsel for respondent that appellant could show a meritorious defense on paper, and the trial court therefore would not receive any evidence as to what constituted the defense; but would only receive evidence as to what respondent and his attorney did after the cause of action

was begun, if anything, to prevent appellant from defending.

The only evidence there is, on the part of appellant, as to what occurred after the action was commenced against him was that, within ten days after he was served with summons, he went to the office of the attorney for respondent, explained the whole matter to the attorney and the respondent himself, told the attorney he did not know where the other defendants were, and that the attorney told him to get the other defendants together and then they would see what could be done; that he and the other defendants were never got together; that he never saw respondent or his attorney again, and the next he knew about the proceeding was when, about two years later, he was served in the supplemental proceedings. He then went to his attorney in this case, and the proceedings to open the default and set aside the judgment were begun.

[1] We can see nothing in the evidence before us that shows that any promise or representation was made by respondent, or his attorney that judgment would not be taken against appellant, or that prevented him in any way from defending his case.

This appeal was taken from both the original judgment within ninety days after its rendition, and from the subsequent order denying the petition to set aside the default and reopen the case. The appeal from the original judgment is in time, and the questions raised by appellant in respect thereto, may therefore be considered.

[2] The judgment is based upon findings reciting that evidence was presented. It is therefore invulnerable to the objection that under our statutes, in actions for damages evidence must be taken.

[3] In the judgment entered, interest was allowed at the legal rate of six per cent per annum, from February 15, 1923, on which date respondent alleged the damage was done to the house boat. Appellant contends that this allowance was error for the reason that the damages were unliquidated. This is correct. *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837; *Powelson v. City of Seattle,* 87 Wash. 617, 152 Pac. 329.

We have also held that, in an action for damages for the collapse of a building, interest was collectible from the date of judgment, only. *McConnell v. Gordon Construction Co.,* 105 Wash. 659, 178 Pac. 823. See, also, *Locomotive Exchange v. Rucker Bros.,* 106 Wash. 278, 179 Pac. 859; *Rood v. Horton,* 132 Wash. 82, 231 Pac. 450.

Interest, therefore, was not allowable in this case until the entry of judgment. The interest reduction is a substantial amount, approximating over ninety dollars.

The judgment is reversed, or modified with instructions to enter a judgment allowing interest only from the date of the judgment appealed from.

Appellant, having obtained substantial relief on appeal, will be allowed costs of appeal.

TOLMAN, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.