[No. 12319-7-III.    Division Three.    February 16, 1993.]

THE CITY OF MOSES LAKE, *Appellant,* v. INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS, LOCAL
2052, *Respondent.*

*James A. Whitaker, City Attorney,* for appellant.

*Alexander J. Skalbania* and *Critchlow, Williams, Schuster, Malone & Skalbania,* for respondent.

THOMPSON, J. — The City of Moses Lake challenged in superior court the salary increases awarded its firefighters by an interest arbitration panel. It contended the award was based on evidence not presented to the panel and, therefore, arbitrary and capricious. The Superior Court granted the motion of International Association of Firefighters, Local 2052, for summary dismissal of the City's complaint, but denied the Association's request for attorney fees and interest. The City appeals the summary dismissal, and the Association cross-appeals the denial of fees and interest. We affirm the judgment, except for the denial of interest on the salary award.

In 1989, the City of Moses Lake entered into negotiations with the International Association of Firefighters, Local 2052, for a new collective bargaining agreement governing the terms and conditions of employment of the City's firefighters.

Negotiations stalled over several issues, including salaries. Pursuant to RCW 41.56.450, these issues were referred to an interest arbitration panel, which was composed of an arbitrator named by the City, one named by the Association, and a third arbitrator chosen by the other two.

The panel held a hearing on August 28, 1990. As provided by RCW 41.56.450, the parties had an opportunity to present evidence and make argument. The City proposed a salary increase of 3.5 percent for 1990, and that increases for subsequent years be left to later negotiation. The Association proposed a salary increase of 5.1 percent for 1990, and that increases for subsequent years be in amounts "equal to the percentage change in the U.S. Consumer Price Index Urban Wage Earners, All Cities, as measured for the preceding year from July to July . . .".

On May 31, 1991, the panel filed its report and award, which included the following provisions relative to salaries:

> The next agreement between the parties shall state:
> Article 19.01 Effective January 1, 1990, salaries for members of the bargaining unit will be increased by 4.79% as applied to "A" Step for Fire Fighter and Captain.
>
> . . . .
> On January 1, 1991 and again on January 1, 1992, salaries for members of the bargaining unit will be *increased by the amount of the Consumer Price Index (CPI-U), U. S. City Average for Seattle-Tacoma, Washington* . . . [T]he percentage increase . . . shall not be less than four percent nor more than six percent.

(Italics ours.) The panel member chosen by the City dissented.

RCW 41.56.450 provides that the determination of the arbitration panel shall be "based on the evidence presented" and "shall be final and binding upon both parties, subject to review by the superior court upon the application of either party solely upon the question of whether the decision of the panel was arbitrary or capricious." *See also Local Union 1296, Int'l Ass'n of Firefighters v. Kennewick*, 86 Wn.2d 156,

162, 542 P.2d 1252 (1975). The City of Moses Lake sought review in superior court, alleging

the decision and award of the arbitration panel is arbitrary and capricious in that a significant portion of the award is predicated upon the use of *the Seattle-Tacoma CPI-U index* to determine salary increases. Such index *was not proposed to be used by either party. . . . There is no evidence whatsoever that was properly introduced before the arbitration panel to support the award made in this regard.*

(Italics ours.)

The Association moved for summary dismissal of the City's complaint and for an order enforcing the interest arbitration award. In support of its motion for summary dismissal, the Association pointed out that the City had submitted documents to the arbitration panel which generally referenced the Seattle-Tacoma Consumer Price Index-Urban (CPI-U). The City countered that it did not file those documents in connection with the salary issue.

In a memorandum opinion, the Superior Court held:

The right of the arbitration parties to procedural due process does not require the CPI formula employed by the arbitration chairman in his decision to have been a specific point of evidence disputed by the parties. It is sufficient that, in regard to the general issues of salary, increases in salary, and the use of some formula or measure for future salary years, the parties had notice and a meaningful opportunity to be heard.

By order filed February 28, 1992, the court dismissed the City's challenge to the panel's award. The court also ordered the City to comply with the award within 30 days. The court denied the Association's request for attorney fees and prejudgment interest.

## THE APPEAL

■ The issue in the City's appeal is whether the panel's award was arbitrary and capricious because it computed salary increases using the Seattle-Tacoma CPI-U, a method which had not been proposed by either party. "[A]rbitrary and capricious" has been defined as "willful and unreason-

able action, without consideration and a disregard of facts or circumstances." *Buell v. Bremerton*, 80 Wn.2d 518, 526, 495 P.2d 1358 (1972). For the following reasons, we hold the award survives any challenge under this standard.

■ First, the CPI-U for Seattle-Tacoma is a fact appropriate for judicial notice, whether or not it was presented as evidence by the Association or the City. "Arbitrators as well as courts [can] take judicial notice of facts widely known or capable of irrefutable proof . . .". O. Fairweather, *Practice and Procedure in Labor Arbitration* ch. 12, at 295 (2d ed. 1983). The consumer price index (CPI) is comparable to the estimated useful life tables published by the United States Treasury Department, which the court in *McFerran v. Heroux*, 44 Wn.2d 631, 645, 269 P.2d 815 (1954) judicially noticed when it assessed damages for the replacement of a grandstand. And decisions in other jurisdictions have specifically approved the trial courts' judicial notice of the consumer price index in setting future increases in child support payments. *In re Marriage of Stamp*, 300 N.W.2d 275, 281 (Iowa 1980); *Kaiser v. Kaiser*, 290 Minn. 173, 181 n.4, 186 N.W.2d 678, 684 (1971). We therefore are not persuaded by the City's argument that the Seattle-Tacoma CPI-U was not "in evidence".

Second, the award itself provides a well-grounded explanation for the panel's use of the Seattle-Tacoma CPI-U:

> A multi-year agreement tied to a relative CPI wage rate is beneficial to the parties and should permit both of them to reduce the expense, the amount of staff time, and the relational difficulties of frequent negotiations. . . .
>
> To protect the expectations of both parties, it is prudent to include a "floor" and a "ceiling" in a wage provision tied to changes in an index of consumer prices. Such provisions are not at all new and have been used routinely in the United States since 1948 when the management staff at General Motors originated the idea. When a "ceiling" exists in the provision, it "caps" any wage increase; and a "floor" provides an assurance of some basic wage increase. . . .
>
> . . . .
> The Consumer Price Index is divided into the All Urban Consumers (CPI-U) or the Urban Wage Earners and Clerical Workers (CPI-W). . . . [T]he CPI-U . . . is the more broadly based index . . . It seems appropriate to use the more broadly based index in the parties' agreement.
>
> There was considerable debate about whether or not to use September to September or July to July CPI rates . . . The CPI

for Seattle-Tacoma, Washington is now published only on a semi-annual basis. The schedule for the Western Region of the United States is published monthly but includes the volatile Los Angeles Basin market. Although the Seattle-Tacoma, Washington average covers a six month period from January through June, it is not released until August and well may be the September to September schedule used by the parties for at least the last two years.

Don Downs, the Association panel member, also defended use of the Seattle-Tacoma CPI-U when it was questioned by Mr. Persons, the City's panel member:

It is my belief that the Seattle area index more closely reflects the economic climate in the State of Washington than does the All Cities index, as is indicated and recognized by the fact that the State did not experience the recent recession felt by much of the U.S.

■ The foregoing demonstrates a consideration and regard for the facts and circumstances and cannot be classified as arbitrary and capricious conduct. *Buell.*

Third, RCW 41.56.460(d) and (f) provide:

[A]s additional standards or guidelines to aid it in reaching a decision, [the panel] shall take into consideration the following factors:

. . . .

(d) The average consumer prices for goods and services, commonly known as the cost of living;

. . . .

(f) Such other factors . . . which are normally or traditionally taken into consideration in the determination of wages . . ..

In a case involving a similar statute in Oregon, the court rejected the employer's challenge to a wage increase award based upon the CPI, noting the award stated the arbitrator based his/her decision upon a consideration of all the statutory factors.[1] *American Fed'n of State, Cy. & Mun. Employees, Locals 2623-A, 2623-B & 191-B v. Executive Dep't,*

---

[1]"Subsection (4) of [Or. Rev. Stat. §] 243.746 lists the following factors:
" . . . .
" '(e) The average consumer prices for goods and services commonly known as the cost of living.
" . . . .
" '(h) Such other factors . . . which are normally or traditionally taken into consideration in the determination of wages . . .". *American Fed'n of State, Cy. & Mun. Employees, Locals 2623-A, 2623-B & 191-B v. Executive Dep't,* 52 Or.

52 Or. App. 457, 466-67, 628 P.2d 1228, 1235, 22 A.L.R.4th 1076, *review denied*, 291 Or. 771, 642 P.2d 308 (1981). The CPI reflects changes in the cost of living. RCW 41.56.460(d). Moreover, a local comparison (*i.e.*, using a CPI-U for a city in the same state because it is deemed a more accurate reflection of changes in the local cost of living) is a factor traditionally considered in determining wages. RCW 41.56.460(f).

In summary, the panel's use of the Seattle-Tacoma CPI-U was not arbitrary and capricious. Rather, the CPI-U was a fact appropriate for judicial notice. The salary increase was based on the facts and circumstances of the case and application of the statutory factors.[2] *Buell*.

### The Cross Appeal

The first issue in the Association's cross appeal is whether the Superior Court should have awarded it attorney fees under the wage statute, RCW 49.48.030. That statute provides:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer . . . .

RCW 49.48.030 provides for the award of attorney fees to persons successful in recovering judgment for wages or salary owed. Here, the City sought review of the arbitrators' award in superior court, as provided in RCW 41.56.450. While the court order enforcing the award results in a salary increase to the Association's members, that effect is corollary, rather than central, to the Legislature's purpose of providing judicial review of the arbitration process. We therefore hold the wage statute does not apply to an action

---

App. 457, 465 n.12, 628 P.2d 1228, 1234, 22 A.L.R.4th 1076, *review denied*, 291 Or. 771, 642 P.2d 308 (1981).

[2]In its brief, the City argues the arbitrators are limited to choosing between the parties' proposals. It cites, *inter alia*, WAC 391-55-220, which directs the parties to submit to the panel members written proposals on the issues. We see nothing therein or in RCW 41.56, which limits the arbitrators' award in the fashion suggested by the City.

brought under RCW 41.56.450. The Superior Court did not err when it denied the Association's request for attorney fees under RCW 49.48.030.

The second issue in the Association's cross appeal is whether the Superior Court should have ordered the City to pay prejudgment interest on the salary award.

Prejudgment interest is allowable when the amount claimed is liquidated, *i.e.*, "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). *See also Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662 (1986). The salary increase meets the definition of liquidated. As of May 31, 1991, the date of the award, the City was under a duty to raise the firefighters' salaries in the amount specified, subject only to review as provided in RCW 41.56.450. Contrary to the City's argument, the signing of a collective bargaining agreement in accordance with that award is not a prerequisite to the legal obligation to abide by the award.

The judgment of the Superior Court is affirmed, except for that portion denying prejudgment interest. Prejudgment interest is allowed from May 31, 1991.

SHIELDS, C.J., and SWEENEY, J., concur.

Review denied at 121 Wn.2d 1026 (1993).