[No. 55867-6-I.   Division One.   December 12, 2005.]

THE DEPARTMENT OF CORRECTIONS, *in Its Own Capacity and as Assignee, Appellant*, v. FLUOR DANIEL, INC., ET AL., *Respondents*.

*Robert M. McKenna, Attorney General*, and *Douglas D. Shaftel, Assistant*, for appellant.

*Richard M. Stanislaw* and *Christopher Wright* (of *Stanislaw Ashbaugh, L.L.P.*), for respondents.

¶1 COLEMAN, J. — Fluor Daniel, Inc. (Fluor), and the Department of Corrections (DOC) agreed to arbitration to settle their legal dispute. The arbitrator issued his decision, and Fluor moved the superior court to confirm the award and enter judgment. The superior court did so and awarded Fluor prejudgment interest dating back to the date of the arbitration decision.[1] The DOC appeals the prejudgment interest award. Because the arbitration decision did not constitute a fully liquidated sum entitling Fluor to prejudgment interest, we reverse and direct entry of judgment in favor of the DOC on the issue of prejudgment interest.

## FACTS

¶2 Fluor and the DOC entered into a contract for the development of the Stafford Creek Corrections Center. A lawsuit arose between Fluor and the DOC. Before the suit went to trial, the two parties agreed to stay the litigation and submit their remaining disputes to binding arbitration.

¶3 Paragraph 8 of the arbitration agreement provided that once the arbitrator reached a decision, either party could submit the decision to the King County Superior Court and that the judgment would be final and binding once entered. The paragraph reads in full,

> Once the Arbitrator issues a decision, either party may submit the decision to the King County Superior Court in the action now pending. The parties agree the judgment to be entered will be in full and complete compliance with the decision of the Arbitrator. Once said judgment is entered the judgment will be final and binding on Fluor and DOC. Fluor and DOC each waive any and all rights to appeal the Arbitration Award.

¶4 On January 18, 2005, the arbitrator issued his decision that Fluor was entitled to payment of approximately $6 million. Three days later Fluor moved for an order confirming the arbitration award and for entry of judgment.

---

[1] Both parties agree that the damages at issue in the arbitration were unliquidated, and Fluor does not seek prejudgment interest for the period prior to the arbitration award.

In its motion, Fluor characterized the arbitrator's award as a liquidated sum and asked for prejudgment interest from the date of the arbitrator's award. The superior court granted Fluor's motion on February 8, 2005, and awarded prejudgment interest dating back to January 18. The DOC appeals.

## ANALYSIS

¶5 In this decision, we analyze whether the arbitrator's award was a fully liquidated sum entitling Fluor to prejudgment interest from the date of the arbitrator's decision or whether the award was instead analogous to a jury verdict. An appellate court reviews issues of law de novo. *State v. Campbell*, 125 Wn.2d 797, 800, 888 P.2d 1185 (1995).

¶6 Washington's statutory code provides that a court generally may award interest only from the date of entry of the judgment. RCW 4.56.110(4). Interest accrues from the date of a verdict only when a court is directed on review to enter judgment or when the judgment is affirmed on review. RCW 4.56.110(4).

¶7 The DOC argues that the arbitrator's award in this dispute was more akin to a jury verdict than a fully liquidated sum and that the trial court erred in awarding prejudgment interest. We agree. The Court of Appeals has held that in the context of the issue of collateral estoppel, an arbitration award is analogous to a jury verdict or an oral decision, instead of a judgment. *Channel v. Mills*, 61 Wn. App. 295, 299-300, 810 P.2d 67 (1991).

> In our judgment, an arbitration award is not the same thing as a final judgment of a court. We reach this conclusion primarily because Washington's statutory scheme for arbitration, RCW 7-.04[.010-.220], provides a rather elaborate process for the confirmation, vacation, correction or modification of an arbitration award in court and for the entry of a judgment which conforms with the court's final determination. RCW 7.04.150, .160, .170, .180, .190. We can only conclude from a plain

reading of these statutes that the Legislature did not consider an award in arbitration to be equivalent to a final judgment of a court. If it had it would have been unnecessary to provide a process to reduce the award to judgment. We conclude, therefore, that an award of arbitrators that has not been reduced to judgment pursuant to the statutory framework discussed above is not equivalent to a judgment. It is, in our view, more akin to a jury verdict or a trial court's memorandum opinion or oral decision, determinations which are not considered equivalent to a judgment.

*Channel*, 61 Wn. App. at 299-300.

¶8 An arbitrator's award is analogous to a jury verdict in the context of this dispute as well. Until entry of judgment, a court may vacate a jury verdict in specialized circumstances as provided in CR 59(a).[2] A court also may request

---

[2] CR 59(a) provides: "**Grounds for New Trial or Reconsideration.** On the motion of the party aggrieved, a verdict may be vacated and a new trial granted to all or any of the parties, and on all issues, or on some of the issues when such issues are clearly and fairly separable and distinct, or any other decision or order may be vacated and reconsideration granted. Such motion may be granted for any one of the following causes materially affecting the substantial rights of such parties:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

"(2) Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict or to a finding on any question or questions submitted to the jury by the court, other and different from his own conclusions, and arrived at by a resort to the determination of chance or lot, such misconduct may be proved by the affidavits of one or more of the jurors;

"(3) Accident or surprise which ordinary prudence could not have guarded against;

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

"(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;

"(6) Error in the assessment of the amount of recovery whether too large or too small, when the action is upon a contract, or for the injury or detention of property;

"(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

"(8) Error in law occurring at the trial and objected to at the time by the party making the application; or

a party to consent to a reduction or increase in the damages awarded by a jury in lieu of a new trial. RCW 4.76.030.[3] It is for these reasons that a jury verdict, even though for a specific sum, is not considered a fully liquidated amount. *Kiessling v. Nw. Greyhound Lines, Inc.*, 38 Wn.2d 289, 297, 229 P.2d 335 (1951).

¶9 Similarly, under Washington's arbitration statutes, an arbitration award is not a liquidated sum because the superior court may vacate, modify, or correct the award before entry of judgment under certain conditions described in RCW 7.04.160[4] and RCW 7.04.170.[5] It is true that the

---

"(9) That substantial justice has not been done."

[3] RCW 4.76.030 reads, "If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, . . . ."

[4] RCW 7.04.160 reads, "In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

"(1) Where the award was procured by corruption, fraud or other undue means.

"(2) Where there was evident partiality or corruption in the arbitrators or any of them.

"(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

"(5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040(1).

"An award shall not be vacated upon any of the grounds set forth in subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby."

[5] RCW 7.04.170 provides, "In any of the following cases, the court shall, after notice and hearing, make an order modifying or correcting the award, upon the application of any party to the arbitration:

"(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.

grounds for modifying, vacating, or correcting an arbitration award are narrower than the grounds for vacating or changing a jury verdict prior to entry of judgment. But the superior court's authority under the arbitration statutes to modify, vacate, or correct an award before entry of judgment means that an arbitration award, like a jury verdict, is not fully liquidated until the arbitrator's award is reduced to judgment.

¶10 Fluor contends that the decision in *City of Moses Lake v. International Ass'n of Firefighters, Local 2052*, 68 Wn. App. 742, 847 P.2d 16 (1993), supports its argument that an arbitration award does constitute a liquidated sum. In *Firefighters*, an arbitration panel decided a collective bargaining dispute pursuant to RCW 41.56.450 between the City and the Association. *Firefighters*, 68 Wn. App. at 743-44. The City appealed to the superior court, which affirmed the decision and refused to grant prejudgment interest. *Firefighters*, 68 Wn. App. at 745. The City appealed to the Court of Appeals, which affirmed the arbitration decision and reversed the superior court's order denying prejudgment interest. *Firefighters*, 68 Wn. App. at 745, 749. The *Firefighters* court ruled that the arbitration decision constituted a liquidated sum, as it placed on the City a duty to raise firefighters' salaries in the amount specified. *Firefighters*, 68 Wn. App. at 743-44, 749. The *Firefighters* decision is inapposite, however, because in the context of RCW 41.56.450, a superior court acts as an appellate court when it reviews an arbitration decision under an "arbitrary or capricious" standard. RCW 41.56.450. The decision of the *Firefighters* court to order prejudgment interest back to the arbitration award is therefore consistent with a court's authority to award prejudgment interest back to the date of the verdict when it is directed on review to enter judgment under RCW 4.56.110(4) and RCW 4.56.115 ("[W]here a

"(2) Where the arbitrators have awarded upon a matter not submitted to them.

"(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy. The order must modify and correct the award, as to effect the intent thereof."

court is directed on review to enter judgment ... interest ... shall date back to and shall accrue from the date the verdict was rendered.").

¶11 We reverse and direct entry of judgment denying Fluor's request for prejudgment interest.[6]

APPELWICK, A.C.J., and BECKER, J., concur.

Review granted at 158 Wn.2d 1005 (2006).

---

[6] Nothing in our decision prevents parties to an arbitration agreement from mutually agreeing that interest shall run from the date of the arbitration decision.