161 P.3d 372 (2007)
STATE of Washington DEPARTMENT OF CORRECTIONS, in its own capacity and as assignee of claims of University Mechanical Contractors, and Pacific Construction Systems, Inc., Respondents,
v.
FLUOR DANIEL, INC., a foreign corporation, and Fireman'S Fund Insurance Company, a foreign corporation, Petitioners.
No. 78290-3.
Supreme Court of Washington, En Banc.
Argued February 15, 2007.
Decided July 6, 2007.
*374 Richard Miles Stanislaw, Christopher Wright, Stanislaw Ashbaugh LLP, Seattle, WA, for Petitioners.
Douglas D. Shaftel, Office of the Atty. General, Steve Edwin Dietrich, Attorney General of Washington, Olympia, WA, for Respondents.
CHAMBERS, J.
¶ 1 The parties before us agreed to resolve their underlying dispute in binding arbitration. Fluor Daniel, Inc. (Fluor) prevailed and moved to reduce the arbitration award to judgment. Concluding that the arbitration award liquidated previously nonliquidated damages, the trial court reduced that award to judgment and added prejudgment interest from the date the arbitrator rendered the award to the time it was entered into judgment. We conclude that an arbitration award does not transform an unliquidated claim into a fully liquidated sum entitling the prevailing party to prejudgment interest. Unliquidated damages accrue interest from the date of judgment, not the date of an arbitration award. We affirm the Court of Appeals and remand to the trial court for entry of judgment without prejudgment interest.

FACTS
¶ 2 The Department of Corrections (Department) contracted with Fluor to build a prison. Clerk's Papers (CP) at 3. The parties tell us that "major disputes developed," leading to "extremely expensive" litigation. CP at 3.[1] Shortly before the scheduled trial, Fluor and the Department negotiated and signed a partial settlement and dispute resolution agreement, agreeing to resolve their dispute through binding arbitration. The dispute proceeded to arbitration and the arbitrator found in favor of Fluor for $5,997,645.
¶ 3 Twenty one days later, Fluor reduced the award to judgment. Fluor asked, over the Department's objection, for prejudgment interest from the date of the arbitration until judgment. Fluor's request for prejudgment interest was based on the theory that the amount of damages became liquidated by virtue of the arbitration award. The trial judge agreed and awarded Fluor prejudgment interest of $43,380.22. The Department appealed only the award of prejudgment interest.[2] The Court of Appeals reversed. Dep't of Corrs. v. Fluor Daniel, Inc., 130 Wash.App. 629, 126 P.3d 52 (2005). Fluor sought and we granted review. Dep't of Corrs. v. Fluor Daniel, Inc., 158 Wash.2d 1005, 143 P.3d 829 (2006).

ANALYSIS
¶ 4 Only questions of law are presented. Our review is de novo. Parents Involved in Cmty. Schs v. Seattle Sch. Dist. No. 1, 149 Wash.2d 660, 670, 72 P.3d 151 (2003).
¶ 5 A party is entitled to prejudgment interest if the damages awarded are liquidated. Historically, contract damages were considered "liquidated" if they could be determined by "reference to a fixed standard contained in the contract, without reliance upon opinion or discretion," and interest has long been available from the moment of breach. Mall Tool Co. v. Far W. Equip. Co., 45 Wash.2d 158, 176, 273 P.2d 652 (1954) (emphasis omitted); see also Wright v. City of Tacoma, 87 Wash. 334, 353, 151 P. 837 (1915) (same); 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 35.13, at 434 (2003). It is comparatively easy to determine whether damages are liquidated when the parties' own contract so provides. E.g., Trompeter v. United Ins. Co., 51 Wash.2d 133, 316 P.2d 455 (1957) (claim was liquidated where the amount due was specifically provided for in the insurance policy). Sometimes statutory law will provide fixed standards that will allow damages to be liquidated. E.g., Egerer v. CSR W., L.L.C., 116 Wash.App. 645, 653-56, 67 P.3d 1128 (2003) (claim was liquidated *375 where measure of damages to be used was fixed by statute as the difference between the contract price and the prevailing market price at the time of the breach). This court has recently found a claim for overtime was liquidated when we could determine the amount precisely. Bostain v. Food Exp., Inc., 159 Wash.2d 700, 723, 153 P.3d 846 (2007) (claim for overtime was liquidated where objective evidence indicated the overtime due with exactness). These principles have been applied even occasionally in the tort context. E.g. Hansen v. Rothaus, 107 Wash.2d 468, 473-75, 730 P.2d 662 (1986). However, damages that cannot be calculated without the use of discretion are not liquidated. E.g., Safeco Ins. Co. v. Woodley, 150 Wash.2d 765, 773, 82 P.3d 660 (2004) (claim for legal fees could not be considered liquidated where the amount of expenses lied within the discretion of the trial judge); Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wash.2d 654, 687, 15 P.3d 115 (2000) (claim for damages from an environmental clean-up project was unliquidated where determining the amount required testimony allocating certain clean-up bills between areas covered and not covered by insurance); Maryhill Museum of Fine Arts v. Emil's Concrete Constr. Co., 50 Wash.App. 895, 903, 751 P.2d 866 (1988) (museum's claim for damages resulting from water leaks was unliquidated where the museum was unique and thus lacked a market value and the measure of damages was consequently left to the trial court's discretion).
¶ 6 If damages are liquidated, interest accrues from the time they were incurred. Hansen, 107 Wash.2d at 473, 730 P.2d 662 ("plaintiff should be compensated for the `use value' of the money representing his damages for the period of time from his loss to the date of judgment.") (emphasis added). Nothing in our case law or the underlying jurisprudence supports the proposition that the character of damages changes from unliquidated to liquidated by virtue of being decided. See generally Weyerhaeuser Co., 142 Wash.2d at 686, 15 P.3d 115 (character of the claim determines whether damages are liquidated).
¶ 7 Generally, interest on a damage award begins to run when judgment is formally entered by a trial court, not when a jury reaches a verdict or a trial court announces a decision. RCW 4.56.110(4) and .115; Kiessling v. Nw. Greyhound Lines, Inc., 38 Wash.2d 289, 297, 229 P.2d 335 (1951). No Washington court has held that a damage award for breach of contract changed character by virtue of being decided, and every time the question has been posed, the court has decided that it did not. See, e.g., Kiessling, 38 Wash.2d at 297, 229 P.2d 335 (specifically rejecting argument that interest should begin to accrue when the verdict is rendered) (citing Rood v. Horton, 132 Wash. 82, 231 P. 450 (1924) (verdict of jury), and Phifer v. Burton, 141 Wash. 186, 251 P. 127 (1926) (award of a judge)). Instead, the moment damage claims are decided, they become subject to the civil rules and laws governing judgments.[3]
¶ 8 We turn now to Fluor's arguments. Fluor does not argue that its damages were liquidated before the arbitrator reached his decision.[4] Thus, if this case had been tried in court rather than arbitrated, no prejudgment interest would be available. See Boespflug v. Wilson, 58 Wash.2d 333, 336, 362 P.2d 747 (1961) (error to give prejudgment interest when damages were not "computable by a standard fixed in the contract."). Fluor argues that it is entitled to prejudgment interest after the arbitrator reached his decision because that decision could not be appealed. Thus, it argues, the damages became fixed and liquidated by the arbitrator's award. Fluor advances two arguments to support its position. First, Fluor argues that arbitration awards in general should be considered liquidated when decided because arbitration awards are typically not appealable. Second, Fluor argues that the terms of its agreement with the Department *376 made the award nonappealable, and that liquidated its damages in the nature of a judgment.
¶ 9 The vast majority of courts considering this issue have rejected pleas to add prejudgment interest to arbitrator's awards. As the Supreme Court of Nevada ruled more than a decade ago, "[t]he weight of authority supports [the] position that the addition of prejudgment interest upon confirmation of an arbitration award constitutes an impermissible modification of the award." Mausbach v. Lemke, 110 Nev. 37, 40, 866 P.2d 1146 (1994) (citing Creative Builders, Inc. v. Ave. Devs. Inc., 148 Ariz. 452, 715 P.2d 308 (Ariz.Ct. App.1986); McDaniel v. Berhalter, 405 So.2d 1027, 1030 (Fla.Dist.Ct.App.1981); Leach v. O'Neill, 132 N.H. 665, 568 A.2d 1189 (1990)); Westmark Props., Inc. v. McGuire, 53 Wash. App. 400, 766 P.2d 1146 (1989);[5]see also Duncan v. Nat'l Home Ins. Co., 36 P.3d 191, 193 (Colo.App.2001) (award of prejudgment, postaward interest impermissible); Wolfe v. Farm Bureau Ins. Co., 128 Idaho 398, 403, 913 P.2d 1168 (1996) (trial court lacked power to give prejudgment interest even if arbitrator erred by failing to give it); Palmer v. Duke Power Co., 129 N.C.App. 488, 498, 499 S.E.2d 801 (1998) (same); but see Ebasco Constructors, Inc. v. Ahtna, Inc., 932 P.2d 1312, 1318 (Alaska 1997) (awarding postaward, prejudgment interest); but cf. Kalawaia v. AIG Hawai`i Ins. Co., 90 Haw. 167, 174, 977 P.2d 175 (1999) (trial court had the power to award prejudgment interest on proceedings to confirm arbitration award when "necessary to correct injustice caused by delay in the confirmation of the award"). Most states have found that adding prejudgment interest was an inappropriate modification of the arbitrator's award.
¶ 10 Fluor contends that a binding arbitration award is more like an entered judgment than a jury's verdict, on the theory that a jury's verdict is subject to substantial revision; a binding arbitration award, Fluor argues, is not. Cf. Kiessling, 38 Wash.2d at 297, 229 P.2d 335 (noting that one reason interest does not begin to accrue on the verdict or the announcement of the trial court's decision is that it is subject to change). However, to treat an arbitrator's award like an entered judgment we would have to ignore the fact that the legislature has laid out the mechanisms required to reduce it into one. While a jury award is subject to significant changes via additur or remittitur, a binding arbitration award is also subject to modification prior to entry of judgment even outside of the appeal provisions. Compare RCW 4.76.030 (additur and remittitur) with former RCW 7.04.170 (1943)[6] (allowing modification of an arbitrator's award for "evident" miscalculation, or because the arbitrator went beyond the scope of the issue, or imperfection). In this case, the parties did not contract to remove the trial court's power to make modifications under former RCW 7.04.170, only to forgo their appeal rights. Thus, the arbitrator's award was not completely fixed until entered into judgment. We decline to treat an arbitrator's award differently from a jury's verdict or a trial court's oral ruling on these grounds.
¶ 11 Next, Fluor argues that one Washington court has already approved prejudgment interest upon an arbitration award, City of Moses Lake v. Int'l Ass'n of Firefighters, Local 2052, 68 Wash.App. 742, 847 P.2d 16 (1993). Firefighters arose out of a binding arbitration proceeding authorized in the State's collective bargaining statutes to resolve certain types of collective bargaining disputes. See ch. 41.56 RCW. Under that statutory scheme, if "uniformed personnel" and a government subdivision are unable to agree upon wages, they are authorized to refer the problem to a three-judge arbitration panel. RCW 41.56.450. This panel's decision is subject to review by the superior *377 court "solely" to determine whether it was arbitrary and capricious. Id. Essentially, the superior court acts in an appellate capacity.
¶ 12 The primary issue in Firefighters was whether the arbitration panel's decision was arbitrary and capricious because it linked salary increases to the Seattle/Tacoma Consumer Price Index when only the "all cities" index had been submitted by the parties. The superior court found it was not arbitrary and capricious. The firefighters' union also sought prejudgment interest on the salary increase award. The entirety of the Court of Appeals' analysis on liquidated damages was:
Prejudgment interest is allowable when the amount claimed is liquidated, i.e., "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." The salary increase meets the definition of liquidated. As of May 31, 1991, the date of the award, the City was under a duty to raise the firefighters' salaries in the amount specified, subject only to review as provided in RCW 41.56.450. Contrary to the City's argument, the signing of a collective bargaining agreement in accordance with that award is not a prerequisite to the legal obligation to abide by the award.
The judgment of the Superior Court is affirmed, except for that portion denying prejudgment interest. Prejudgment interest is allowed from May 31, 1991.
Firefighters, 68 Wash.App. at 749, 847 P.2d 16 (emphasis added) (citations omitted) (quoting Prier v. Refrigeration Eng'g Co., 74 Wash.2d 25, 32, 442 P.2d 621 (1968)) and (citing Hansen, 107 Wash.2d at 472, 730 P.2d 662). The Court of Appeals decided that the salary increase that had been ordered by the arbitration panel was properly characterized as liquidated and that "prejudgment interest" was appropriate. Thus, the Firefighters court's holding was based upon its conclusion that under the statute in question, the salary increase could be calculated with certainty and was therefore liquidated. The Court of Appeals did not hold that the award became liquidated by virtue of the arbitration award.[7]
¶ 13 Finally, Fluor relies upon the specific language of its agreement to enter binding arbitration with the Department. The arbitration agreement provides in relevant part:
Once the Arbitrator issues a decision, either party may submit the decision to the King County Superior Court in the action now pending. The parties agree the judgment to be entered will be in full and complete compliance with the decision of the Arbitrator. Once said judgment is entered the judgment will be final and binding on Fluor and DOC. Fluor and DOC each waive any and all rights to appeal the Arbitration Award.
CP at 6 (para. 8 of the Partial Settlement & Alternative Dispute Resolution Agreement). Fluor reasons that because the Department waived any right to appeal the arbitration award, the binding nature of the arbitration liquidated the damages.
¶ 14 The goal of contract interpretation is to carry out the intent of the parties as manifested, if possible, by the parties' own contract language. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wash.2d 493, 504, 115 P.3d 262 (2005). We find nothing in the words the parties used that suggests they explicitly agreed to postarbitration award of interest.[8] We find a more reasonable interpretation that the parties wanted it absolutely clear that both waived any right to appeal the arbitration award; not to forgo statutory procedures or pay interest prior to entry of judgment. Indeed the agreement specifically states, "[o]nce said judgment is entered the judgment will be final and binding on *378 Fluor and DOC." CP at 6. We conclude that the parties did not implicitly agree prejudgment interest would attach to the arbitration award. While we see no reason why the parties could not agree that prejudgment interest would be awarded from the time of filing of the arbitration award, we find nothing in this contact reflecting such an agreement.

CONCLUSION
¶ 15 Generally, an arbitration decision does not convert unliquidated damages into liquidated damages and does not entitle the winner to prejudgment interest between the date of the arbitration decision and entry of judgment. We hold that unless the parties agree otherwise in their arbitration agreement, interest on an award does not begin to accrue until it is entered as a judgment. We affirm the Court of Appeals and remand to the trial court for entry of judgment on the arbitrator's original award.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, JAMES M. JOHNSON, and BOBBE J. BRIDGE, Justices.
SANDERS, J. (dissenting).
¶ 16 Fluor Daniel, Inc. (Fluor) and the Department of Corrections (DOC) agreed to resolve their legal dispute in binding arbitration. The arbitrator issued a decision in favor of Fluor, and Fluor moved the superior court to confirm the award and enter judgment. The court did so and awarded Fluor prejudgment interest dating back to the date of the arbitration decision. DOC appealed. The Court of Appeals directed entry of judgment but denied any award for prejudgment interest. Our majority now affirms. Because Fluor is entitled to prejudgment interest from the date of the arbitration decision, I dissent.
¶ 17 The Court of Appeals properly approved prejudgment interest on an arbitration award in City of Moses Lake v. International Association of Firefighters, Local 2052, 68 Wash.App. 742, 847 P.2d 16 (1993). There the City of Moses Lake entered into negotiations with the city's firefighters for a new collective bargaining agreement governing the terms and conditions of the firefighters' employment. After negotiations stalled on several issues, the issues were referred to an interest arbitration panel pursuant to RCW 41.56.450. The panel awarded the firefighters a salary increase and the city appealed. The superior court affirmed the panel's decision but refused to grant prejudgment interest. The city again appealed and the Court of Appeals affirmed the arbitration decision but reversed the superior court's order denying prejudgment interest. The Court of Appeals determined the salary increase was "liquidated," and therefore, on the date of the award "the City was under a duty to raise the firefighters' salaries in the amount specified, subject only to review as provided in RCW 41.56.450."[1]Firefighters, 68 Wash.App. at 749, 847 P.2d 16. Importantly, the Firefighters court held the arbitration award was liquidated notwithstanding the fact that the award was subject to subsequent review under RCW 41.56.450.
¶ 18 Here, the majority holds Fluor's award was not liquidated at the time of the arbitrator's decision, and therefore Fluor was not entitled to prejudgment interest. To support its position the majority analogizes arbitration awards to jury verdicts, contending an arbitrator's award, like a jury verdict, "is also subject to modification prior to entry of judgment even outside of the appeal provisions." Majority at 376. Therefore, reasons the majority, because "the parties did not contract to remove the trial court's power to make modifications under former RCW 7.04.170, only to forgo their appeal rights," the arbitrator's award was "not completely fixed until entered into judgment." Id. (emphasis omitted).
¶ 19 The majority's analogy of arbitration awards to jury verdicts is problematic. Jury verdicts must be reduced to judgment by a *379 court to become final. Cox v. Charles Wright Acad., Inc., 70 Wash.2d 173, 179, 422 P.2d 515 (1967). And there is always the prospect the verdict will never be reduced to judgment pursuant to a successful motion for judgment notwithstanding the verdict. CR 50(b). By contrast, "Washington courts have given substantial finality to arbitrator decisions rendered in accordance with the parties' contract and RCW 7.04," Davidson v. Hensen, 135 Wash.2d 112, 118, 954, 954 P.2d 1327, P.2d 1327 (1998), and an arbitrator's ruling does not require court confirmation for it to be final, Point Allen Serv. Area v. Dep't of Health, 128 Wash.App. 290, 303-04, 115 P.3d 373 (2005), review denied, 157 Wash.2d 1005, 136 P.3d 759 (2006). Furthermore, "judicial review of an arbitration award in the context of a proceeding under RCW 7.04.150 to confirm an arbitrator's award is exceedingly limited." Davidson, 135 Wash.2d at 119, 954 P.2d 1327. Such review does not include a review of the merits of the case, and ordinarily a court will not consider the evidence before the arbitrator.
¶ 20 Furthermore, contrary to the majority's contention, Fluor and DOC did explicitly contract to remove the superior court's power to make modifications. Their arbitration agreement provides,
Once the Arbitrator issues a decision, either party may submit the decision to the King County Superior Court in the action now pending. The parties agree the judgment to be entered will be in full and complete compliance with the decision of the Arbitrator. Once said judgment is entered the judgment will be final and binding on Fluor and DOC. Fluor and DOC each waive any and all rights to appeal the Arbitration Award.
Clerk's Papers at 6 (emphasis added). The sentence, "The parties agree the judgment to be entered will be in full and complete compliance with the decision of the Arbitrator" indicates the parties' intention to remove the superior court's ability to modify the award in addition to waiving their appeal rights.[2] And because the award may not be modified by the trial court per the contractual language, the arbitration award is a fixed and, therefore, liquidated sum; hence, interest began to run from the date of the arbitrator's decision. See Prier v. Refrigeration Eng'g Co., 74 Wash.2d 25, 32, 442 P.2d 621 (1968) (Prejudgment interest may be awarded if amount claimed is liquidated or otherwise capable of calculation with "exactness, without reliance on opinion or discretion.").
¶ 21 Because the majority's decision is at odds with the parties' language in their arbitration agreement and because I would uphold the trial court's grant of prejudgment interest from the date of the arbitration decision, I dissent.
NOTES
[1] The record before us does not provide details of the underlying construction dispute.
[2] It appears to us that the arbitrator properly could have found that some or all of the breach of contract damages were liquidated and provided for prejudgment interest from the time the damages were incurred until judgment. No such issues are before us.
[3] We note that CR 54(f)(2)(C) permits entry of judgment at the time the verdict or findings are entered while opposing counsel is in open court.
[4] Nothing in this opinion should be read to suggest that an arbitrator could not have found that damages could be calculated based upon a fixed standard and awarded prejudgment interest from the date damages were incurred.
[5] In Westmark, the Court of Appeals vacated a trial judge's award of prejudgment interest on an arbitration award. Unfortunately for our purposes, the court did not distinguish between pre- and postawards of prejudgment interest, and thus it does not necessarily answer Fluor's arguments.
[6] The 2005 legislature repealed Washington's former Uniform Arbitration Act, chapter 7.04 RCW, and replaced it with a revised Uniform Arbitration Act, chapter 7.04A RCW. See Laws of 2005, ch. 433, §§ 1-32, 50. While the changes do not appear to be material to this case, we have not scrutinized the revised Act.
[7] We note that the Court of Appeals in Firefighters calculated the liquidated interest from the date of the arbitration award instead of the date the wage increase accrued. However, it appears that the Court of Appeals was asked whether the trial court erred in not awarding interest from the date of the arbitration award until judgment was entered, not from any earlier point. Firefighters, 68 Wash.App. at 749, 847 P.2d 16. This court denied review of Firefighters at 121 Wash.2d 1026, 854 P.2d 1085 (1993).
[8] The State argues that Fluor is violating the arbitration agreement by seeking prejudgment interest. We disagree. The fact the parties disagree on the meaning of the contract does not mean either one seeks to violate it.
[1] RCW 41.56.450 provides the arbitration panel's determination "shall be final and binding upon both parties, subject to review by the superior court upon the application of either party solely upon the question of whether the decision of the panel was arbitrary or capricious."
[2] Under Washington's repealed arbitration statute, former chapter 7.04 RCW, a party to arbitration had the right to seek review of the award. See former RCW 7.04.160, 170 (authorizing vacation and modification of arbitration award).