IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DEBORAH BURKSFIELD, a single individual; LSL PROPERTIES, LLC, a Washington Limited Liability company, | ) ) ) ) | No. 33037-1-III |
| Appellants, | ) ) ) | |
| v. | ) ) ) | UNPUBLISHED OPINION |
| LARRY SALI and GAYLE SALI, husband and wife; STEVEN SALI and DELETA SALI, husband and wife; COLUMBIA READY-MIX, INC., A Washington Corporation; COLUMBIA ASPHALT & GRAVEL, INC., a Washington corporation; JOHN ROTHENBUELLER, an individual; ALEGRIA & COMPANY, P.S., a Washington professional service corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

FEARING, C.J. — Deborah Burksfield and LSL Properties, LLC, a company

partially owned by Burksfield, successfully sued Burksfield's brothers and a company

owned by the brothers, Columbia Ready-Mix, Inc., for royalties owed under a gravel pit

lease. Burksfield and LSL appeal the trial court's denial of prejudgment interest on the

jury award. Burksfield also appeals the trial court's award of costs against her in favor of a related company, Columbia Asphalt & Gravel. The defendants appeal the trial court's grant of reasonable attorney fees and costs to Burksfield for bringing a limited liability company derivative action. We affirm all trial court rulings.

## FACTS

Plaintiff Deborah Burksfield, defendant Larry Sali, defendant Steven Sali, and nonparty Leonard Sali are siblings. Larry and Steven are the sole shareholders of defendants Columbia Ready-Mix, Inc. (CRM) and Columbia Asphalt & Gravel, Inc. (CAG).

On June 17, 1998, Larry, Steven, and Leonard Sali formed plaintiff LSL Properties, LLC (LSL) with each owning one third. The limited liability company's operating agreement included a paragraph requiring the company to "indemnify and hold harmless the Member(s), and each director, officer, partner, employee, or agent thereof, against any liability, loss, damage, cost, or expense incurred by them on behalf of the Company or in furtherance of the Company's interests, without relieving any such person of liability for fraud, misconduct, bad faith, or gross negligence." Clerk's Papers (CP) at 156. In December 1999 and January 2000, Deborah Burksfield acquired an eighteen percent interest in LSL with the three brothers thereafter splitting the other 82 percent ownership.

2

LSL owns two gravel quarries, the AK Anderson Quarry and the Resthaven

Quarry. On April 1, 2006, LSL agreed to lease the AK Anderson Quarry to CRM. In

turn, CRM agreed

> [T]o pay [LSL] rent as full and complete payment for all materials removed by [CRM] from said land and for the use of said property while such material is being removed therefrom, sixty cents ($0.60) per ton. Material shall be weighed on scales on the leased property and weight tickets shall be issued for each load removed. . . . If LSL properties LLC, conducts a physical survey of the volume of material removed from the site, the volume of material determined by the physical survey shall prevail.

CP at 2873. The agreement did not specify a conversion rate to convert the volume

measurement obtained by a survey into a weight measurement used for determining cost.

The lease also provided:

> RECORD KEEPING
> 8.1 [CRM] agrees to keep accurate records of all material removed from the demised premises and monthly shall furnish [LSL] with copies of said records. The records kept and provided to [LSL] shall include weight tickets for all material removed during the prior month.

CP at 2874-75.

On January 1, 2007, Larry and Steven Sali purchased Leonard Sali's interest in

LSL. On January 18, 2011, CRM exercised the option to renew the lease with LSL. In

turn, Larry and Steven Sali agreed, on behalf of LSL and over Deborah Burksfield's

objection, to renew the lease with no increase in price.

3

PROCEDURE

On April 12, 2011, Deborah Burksfield, individually and on behalf of LSL, sued Larry and Steve Sali for breach of the LSL operating agreement and breach of the lease. We refer to the plaintiffs collectively as Deborah Burksfield. Burksfield also sued CRM, Larry Sali, and Steven Sali for breach of fiduciary duty. She sued CRM, CAG, Larry, and Steven for declaratory relief to render the renewed lease void. Burksfield also alleged various defendants understated the quantity of rock removed from LSL's quarry. We refer to defendants, other than CAG, collectively as CRM. Deborah Burksfield verified the complaint.

At trial, Deborah Burksfield used topographical land surveys to show the amount of material CRM removed from the AK Anderson quarry. Bruce Moorer, an expert in forensic accounting with experience in the trucking industry, testified on her behalf. Moorer testified that, based on the surveys, 741,847 cubic yards of material was extracted from the AK Anderson Quarry between 2003 and 2008, and 207,400 cubic yards from 2008 through 2011, and 91,169 cubic yards after 2011. He also testified that he converted from cubic yards to tons using a conversion rate of 2.45. From the total amount of extracted material, he reduced the amount of material extracted but not removed, the amount for which CRM paid, and the amount extracted outside the statute of limitations. According to Moorer, CRM failed to pay for 857,582 tons. At $.60 per ton, the total underpayment was $535,674.

4

CRM expert, John Rothenbueller, testified that LSL received payment for 35,992 tons of gravel more than CRM extracted from the Anderson quarry. Therefore, according to Rothenbueller, CRM overpaid $21,595.

At the close of Deborah Burksfield's case, CAG moved to dismiss the claims against it because Burksfield did not present any evidence supporting a claim against CAG. The trial court granted the motion and also granted CAG's posttrial request for costs under RCW 4.84.185. The court awarded CAG $39,000 in costs. The judgment denied any award for attorney fees, but the $39,000 award necessarily included some attorney fees incurred by CAG in defending the suit.

The jury found that CRM and the brothers breached the lease agreement and their fiduciary duties and awarded $535,674.62 to Deborah Burksfield and LSL. The trial court denied Burksfield's request for prejudgment interest. The court ruled that the amount owed was not liquidated because "the amount of rock that was taken and the value thereof was a moving target throughout this litigation and throughout the trial." Report of Proceedings (Dec. 5, 2014) at 54. The trial court awarded LSL and Burksfield $129,945.00 in attorney fees pursuant to paragraph 3.2 of the parties' LLC contract, RCW 4.84.330, and laws and standards for recovery of attorney's fees when derivative actions benefit the company and create a common fund.

## LAW AND ANALYSIS

On appeal, Deborah Burksfield argues that the trial court erred in failing to award

5

her prejudgment interest. She also contends that the trial court erred in awarding CAG reasonable attorney fees and costs against her. CRM appeals the ruling granting Deborah Burksfield fees.

### Prejudgment Interest

Deborah Burksfield contends that the trial court erred by not awarding prejudgment interest because CRM owed a liquidated sum and CRM should not benefit from its spoliation of records. CRM argues that the trial court correctly denied prejudgment interest because the calculation of the amount owed required use of surveys, expert testimony, and discretion. The law supports CRM's position.

Appellate courts review a trial court's decision whether to award prejudgment interest on an abuse of discretion standard. *Scoccolo Constr., Inc. v. City of Renton*, 158 Wn.2d 506, 519, 145 P.3d 371 (2006). A trial court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). A decision is manifestly unreasonable if the court adopts a view that no reasonable person would take. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). A decision is exercised on untenable grounds if the trial court relies on unsupported facts or applies the wrong legal standard. *Mayer*, 156 Wn.2d at 684.

Prejudgment interest is allowable (1) when an amount claimed is liquidated or (2) when the amount of an unliquidated claim is for an amount due on a specific contract for

6

the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Dep't of Corr. v. Fluor Daniel, Inc.*, 160 Wn.2d 786, 789, 161 P.3d 372 (2007); *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). Deborah Burksfield claims the amount awarded by the jury was liquidated because the lease specified that a land survey controlled upon a discrepancy in the amount of material removed from the quarry. Nevertheless, the jury necessarily relied on the opinions of experts in awarding the sum. CRM's expert testified to a different sum owed than the sum formulated by Burksfield's expert, Bruce Moorer. Moorer's use of 2.45 for the cubic yard to ton conversion factor was discretionary. The trial court correctly noted that the sum owed was a moving amount throughout trial.

Deborah Burksfield argues that the court should not reward CRM for destruction of records and its failure to maintain weight tickets as required by the lease agreement. Nevertheless, neither the jury nor the trial court found spoliation. Burksfield presents no authority that spoliation of records by one party entitles another party to prejudgment interest.

We conclude the amount owed to respondents was uncertain and unliquidated. Thus the trial court properly denied the request for prejudgment interest.

Attorney Fees and Costs

Deborah Burksfield contends the trial court erred in characterizing her suit against CAG as frivolous and thereby awarding CAG $39,000 in costs. CAG replies that the trial court properly awarded fees under RCW 4.84.185 because Burksfield never factually or legally supported her claim against it. We agree with CAG.

RCW 4.84.185 declares:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

We review a trial court's award under RCW 4.84.185 for an abuse of discretion. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 786, 275 P.3d 339 (2012).

Deborah Burksfield contends that CAG and CRM were operated interchangeably by the Sali brothers. Burksfield, however, presented no trial testimony to support this contention. CAG was only a party to the suit because it was a closely held company of the Sali brothers, but not because it owed LSL any contractual or fiduciary duties. Therefore, the trial court did not abuse its discretion in awarding costs.

When CAG moved the court for an award of costs, Deborah Burksfield filed a declaration supporting her argument that CAG and CRM operated interchangeably and CAG may have sold some of the gravel from the Anderson quarry. The trial court

determines the frivolity of a lawsuit, however, on evidence presented at trial, not evidence the opposing party fails to submit until the time of the motion for costs and fees. Burksfield cites no law to the contrary.

Deborah Burksfield also argues the trial court failed to enter the findings required by RCW 4.84.185. In the judgment awarding fees, however, the court found "the claims advanced against Defendant CAG were frivolous and advanced without reasonable cause." CP at 2246. This finding is sufficient under RCW 4.84.185.

## Derivative Claim

CRM argues that the trial court erred in failing to dismiss the derivative claims brought by Deborah Burksfield on behalf of LSL. Thus, CRM asks this court to vacate the trial court's award of attorney fees under RCW 25.15.385. Burksfield argues that she met the requirements for a shareholder derivative claim. We conclude that Burksfield properly brought a derivative claim on behalf of LSL.

Under former RCW 25.15.370:

> A member may bring an action in the superior courts in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.

Contrary to CRM's assertions, Deborah Burksfield presented evidence at trial that she was an LSL shareholder and that she attempted to resolve the underpayment issue by approaching Larry Sali, as owner of LSL, before filing suit. Also,

9

considering Burksfield's response to the suit, the trial court could have reasonably determined that any effort to ask the Sali brothers to pursue claims that LSL held against themselves and CRM would have been futile. Thus, the trial court correctly ruled that Burksfield's claims fall within the derivative claim statute.

CRM notes that Deborah Burksfield did not testify at trial. Nevertheless, Larry Sali testified that Deborah Burksfield was an owner of LSL and that she tried to resolve the dispute before filing suit. CRM cites no case that requires the needed testimony to come from the partial company owner herself.

CRM also contends that Deborah Burksfield failed to verify her complaint and verification is necessary to forward a derivative action claim. The assertion is factually false.

Regardless of whether Deborah Burksfield complied with the statute authorizing derivative suits, the trial court could have granted reasonable attorney fees and costs to Deborah Burksfield and LSL on other grounds. Paragraph 3.2 of the parties' LLC contract and RCW 4.84.330 also authorized recovery of fees and costs.

## Fees on Appeal

Deborah Burksfield requests this court award attorney fees and costs on appeal pursuant to RCW 4.84.330 and the fee shifting provisions of paragraph 3.2 of the LSL LLC agreement. Because Burksfield does not prevail on two of her claims, we decline to

No. 33037-1-III
*Burksfield v. Sali*

declare her the prevailing party, and we reject her requests for fees and costs.

CONCLUSION

We affirm the trial court's denial of prejudgment interest to Deborah Burksfield and LSL. We affirm the trial court's grant of costs to CAG and fees and costs to Deborah Burksfield for the derivative suit. We deny Deborah Burksfield an award of fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

11